UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAN GOODRICK,<br><br>                    Plaintiff,<br><br>        v.<br><br>DEBBIE FIELD, DAVID McCLUSKEY, CINDY WILSON, AL RAMIREZ, D.W. RICHARDSON, SGT. DAVID GOULD, C/O CAMPBELL, CP. HOSFORD, C/O BULZOMI, and K. BROWN,<br><br>                    Defendants. | Case No. 1:19-CV-00088-BLW<br><br>**SUCCESSIVE REVIEW ORDER AFTER MARTINEZ REPORT** |

In this prisoner civil rights action, Plaintiff Dan Goodrick complains that he was wrongfully fired from his inmate worker job as a janitor. He asserts three theories to support his claim. Earlier in this action, the Court certified a question to the Idaho Supreme Court to obtain clarification on the interpretation of a state statute underlying one of Plaintiff's theories. (Dkt. 7.) After receiving the answer to the question (Dkt. 19), the Court still lacked information relevant to screening, and it issued an Initial Review Order, determining: "Counsel for Defendant are requested to make a limited appearance for the purpose of providing a Martinez report, supported by any relevant prison offender concern forms, grievances, C-Notes, employment, hiring, and termination records, and other documents relevant to the issues set forth above." (Dkt. 21, p. 10.) Defendants filed

**SUCCESSIVE REVIEW ORDER AFTER MARTINEZ REPORT - 1**

their Martinez report on January 29, 2021. (Dkt. 23.) Plaintiff filed no response to the Martinez report within the time frame set for his response (April 10, 2021) or at all. After reviewing the Martinez report, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted, that he did not respond to the Martinez report to clarify any of his claims or request an opportunity to amend, and that amendment would be futile.

## SCREENING STANDARD OF LAW

A complaint should be dismissed under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although Rule 8 "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

The Prison Litigation Reform Act (PLRA)[1]requires the Court to screen all pro se prisoner complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 &

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**SUCCESSIVE REVIEW ORDER AFTER MARTINEZ REPORT - 2**

1915A. In addition, the Court retains screening authority to dismiss claims at any time during the litigation under §1915(e).[2] The Court also has the authority to seek additional information from the parties to assess a plaintiff's claims during the screening process. The Court may exercise its discretion to require an amended complaint or a *Martinez* report.[3]

## DISCUSSION

### 1.      Statutory Right to Work

Plaintiff asserts that the Idaho Board of Correction has a statutory obligation to provide all inmates with employment during incarceration pursuant to Idaho Code § 20-209. (Dkt. 3, pp. 2-3). The Court issued an Order Certifying a Question to the Idaho Supreme Court: "Does Idaho Code § 20-209 require the state board of correction to provide employment for all prisoners, and, if so, what is the minimum the board must do to implement the statute's mandate?" (Dkt. 7, p. 3). The Idaho Supreme Court accepted the certification, (Dkt. 10) and issued its opinion in April 2020 (Dkt. 19). The Idaho Supreme Court determined that the statute does not establish a state-created right to an inmate job for each prisoner. (Dkt. 19).

---

[2] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [an in forma pauperis] case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious. . . [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

[3] In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), the trial court ordered (before answer) that the prison officials conduct an investigation of the incident to include an interrogation of those concerned, and file a report with the court, to enable the court to decide the jurisdictional issues and make a determination under section 1915(a). *Id*. at 319. The Ninth Circuit approved of the use of *Martinez* reports in *In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008).

**SUCCESSIVE REVIEW ORDER AFTER MARTINEZ REPORT - 3**

This Court concluded that Idaho Code § 20-209 does not create a private cause of action for prisoners. (Dkt. 21.) That determination foreclosed Plaintiff's claim on the statutory theory; therefore, it is subject to dismissal for failure to state a claim upon which relief can be granted. (*See* Dkt. 21, p.5.) Because amendment would be futile, leave to amend will not be granted.

## 2.     Disability Discrimination

Plaintiff's second theory is that he was fired from his inmate worker job due to disability discrimination. (Dkt. 3, pp.3-4; 8.) He asserts a claim under the Americans with Disabilities Act (ADA),[4] but he has failed to include sufficient facts to support such claims. Title II prohibits public entities from discriminating against qualified individuals with disabilities who seek to participate in programs, services, and activities provided by public entities. *See Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 208 (1998). The United States Supreme Court has held that Title II of the ADA extends to prison inmates who are deprived of the benefits of participation in prison programs, services, or activities because of a physical disability. *Id*., 524 U.S. 208 (holding that prisoner was denied access to boot camp program, the successful completion of which would allow prisoner early parole).

However, the United States Court of Appeals for the Ninth Circuit has held that "Congress did not intend for Title II to apply to employment" because "[o]btaining or

---

[4] Americans with Disabilities Act of 1990, § 1, *et seq*, as amended, 42 U.S.C. § 12101, *et seq*. (Title I), § 12132, *et seq*. (Title II).

**SUCCESSIVE REVIEW ORDER AFTER MARTINEZ REPORT - 4**

retaining a job is not 'the receipt of services,' nor is employment a 'program[ ] or activit[y] provided by a public entity.'" *Zimmerman v. Oregon Dept. of Justice*, 170 F.3d 1169, 1175, 1178 (9th Cir. 1999) (quoting 42 U.S.C. § 12132), *cert. denied*, 531 U.S. 1189 (Feb. 26, 2001) (nonprisoner context). *Accord*, *Maxwell v. S. Bend Work Release Ctr.*, 787 F. Supp. 2d 819, 825 (N.D. Ind. 2011), quoting *Zimmerman,* 170 F.3d at 1176 ("Congress placed employment-specific provisions in Title I, which it labeled 'Employment,' whereas Congress placed no employment-related provisions in Title II, which it labeled 'Public Services.'"). The Ninth Circuit has not ruled on whether employment of prisoners, with or without pay, might be considered a rehabilitative public "program."

Regardless, Plaintiff has shown no causal connection between his age or disability and his termination. Rather, his admission in his pleadings that he made disrespectful comments to staff and the corresponding C-Note noting his "negative attitude toward staff" are sufficient grounds for termination in "at-will" employment settings—which means that an employee can be terminated for any reason except an illegal one. The Martinez report provides even more non-discriminatory reasons why Plaintiff was replaced. There are no plausible allegations in the record to support Plaintiff's assertion that he was fired on the basis of his age, disability, or another illegal factor. Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has not responded to the Martinez report showing that he has any factual basis upon which amendment would cure these defects. Therefore, leave to amend will not be granted.

**SUCCESSIVE REVIEW ORDER AFTER MARTINEZ REPORT - 5**

### 3.    Retaliation

Third, Plaintiff alleges he was fired from his inmate worker job in retaliation for filing a concern or grievance against Sergeant David Gould and/or exercising various First Amendment rights. (Dkt. 3, pp. 3-4; 10-12.)

A First Amendment retaliation claim must allege the following: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, ... that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Although a "chilling effect on First Amendment rights" is enough to state an injury, *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001), "bare allegations of arbitrary retaliation" are insufficient to state a retaliation claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985).

The timing of an official's action can constitute circumstantial evidence of retaliation, but there generally must be something more than simply timing to support an inference of retaliatory intent. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995). In other words, retaliation is not established simply by showing adverse activity by the defendant after protected speech; the plaintiff must show a nexus between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (stating that a retaliation claim cannot rest on "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this'").

**SUCCESSIVE REVIEW ORDER AFTER MARTINEZ REPORT - 6**

As noted above, Plaintiff admitted to Campbell that he told a female staff member that she should stay off the phone or computer long enough with her boyfriend to do her job. That admission supports the stated reason for his termination and the C-Note that said he "was let go due to a negative attitude towards staff." This Court agrees with those other courts that have held that, under the law, rude and disrespectful speech about staff is not protected speech in a job setting. *See, e.g., Quezada v. Herrera*, 2012 WL 1076130, at *4 (E.D. Cal. Mar. 29, 2012), *aff'd*, 520 F. App'x 559 (9th Cir. 2013)(unpub.) (inmate's verbalization to supervisor that inmates have to wear hairnets but Sacramento personnel inspectors do not was not protected speech); *Ruiz v. California Dept. of Corrections*, 2008 WL 1827637 at * 1, *3 (C.D. Cal. April 22, 2008) (prisoner's comments expressing dissatisfaction with his prison supervisor's management skills was not a matter of public concern protected by the Free Speech Clause); *Whitfield v. Snyder*, 2008 WL 397457 at *3 (7th Cir. Feb.14, 2008)(unpub.) (prisoner's complaint about prison job involved matters of personal, rather than public, concern and did not qualify as protected speech). Here, the allegations in the pleadings show that he was not engaged in conduct protected by the First Amendment.

Neither has Plaintiff alleged anything other than timing as grounds for asserting that Gould retaliated because of the grievance. Gould's written response to the grievance showed that Gould knew the appropriate grounds for hiring and termination. No retaliatory intent is evident from his response. Nothing in the expanded record shows that Gould terminated Plaintiff out of retaliation, that Gould did not have authority to hire

**SUCCESSIVE REVIEW ORDER AFTER MARTINEZ REPORT - 7**

inmates from outside the unit to accomplish a legitimate penological purpose, or that he did not exercise that right reasonably. Rather, Plaintiff's own admissions of his own conduct and words, together with prison records and submissions with the Martinez report, demonstrate that correctional officials had several independent and adequate legitimate penological reasons to terminate him. The Court concludes that Plaintiff has failed to state a retaliation claim upon which relief can be granted. Based on the admissions in the record and the Martinez report, and because Plaintiff has filed no response to the Martinez report that shows he has other facts that would cure the deficiencies in his Complaint, the Court will not grant leave to amend.

**ORDER**

**IT IS ORDERED** that Plaintiff's Complaint is DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

DATED: March 4, 2022

B. Lynn Winmill
U.S. District Court Judge